J-S49044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAMON CORNIEL, | |
| Appellant | No. 241 MDA 2015 |

Appeal from the Judgment of Sentence of December 1, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004316-2013

BEFORE:  BENDER, P.J.E., ALLEN AND OLSON, JJ.

MEMORANDUM BY OLSON, J.:                   **FILED AUGUST 20, 2015**

Appellant, Ramon Corniel, appeals from the judgment of sentence entered on December 1, 2014, as made final by the denial of his post-sentence motion on January 27, 2015.  We affirm.

The factual background of this case is as follows.  In April 2013, a confidential informant ("CI") told Officer Adam Bruckhart, a member of the York County Drug Task Force, that he could obtain heroin.  On April 29, 2013, the CI contacted Jose Virella ("Virella") and ordered two bricks of heroin.  Officer Bruckhart provided the CI with $500.00 in marked currency to purchase the heroin.  When the CI arrived at a local Target, he entered a black Acura.  A man identified as Virella was seated in the driver's seat. Virella was the only person in the Acura at this time.  Police later learned that the Acura was owned by Appellant.  The CI gave Virella the $500.00 in

marked currency and received two bricks of heroin. After the CI exited the vehicle, Appellant exited the Target and entered the driver's seat of the Acura. Appellant and Virella then left in the Acura.

On May 1, 2013, the CI again contacted Virella to purchase two bricks of heroin. The deal was set to take place at a car wash. Instead of permitting the transaction to occur, however, police arrested Appellant and Virella when they arrived at the car wash. Upon searching Virella, police found two bricks of heroin in his sock. No drugs were found on Appellant's person or in the vehicle. Appellant gave police permission to search his residence. At Appellant's residence, police recovered a substantial amount of United States currency, including $460.00 of the $500.00 in marked currency that was used in the April 29, 2013 transaction. Police also recovered paraphernalia consistent with heroin dealing.

The procedural history of this case is as follows. On July 15, 2013, Appellant was charged via criminal information with delivery of a controlled substance ("delivery")[1], possession with intent to deliver a controlled substance ("PWID")[2] and conspiracy to commit deliver and PWID ("conspiracy").[3] The delivery charge was for the April 29, 2013 incident while the PWID charge was for the May 1, 2013 incident. The conspiracy

---

[1] 35 P.S. § 780-113(a)(30).

[2] *Id.*

[3] *Id.*; 18 Pa.C.S.A. § 903.

charge covered both the April 29 and May 1, 2013 incidents. On October 9, 2014, Appellant was convicted of PWID and conspiracy. He was found not guilty of the delivery charge. On December 1, 2014, Appellant was sentenced to an aggregate term of 11½ to 23 months' imprisonment. On December 20, 2014, Appellant filed a post-sentence motion. On January 27, 2015, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[4]

Appellant presents two issues for our review:

1. Whether the evidence presented at trial was insufficient to support the jury's verdict as to [PWID] and criminal conspiracy to commit that offense . . . [?]

2. Whether the jury's verdict was against the greater weight of the evidence . . . [?]

Appellant's Brief at 4 (complete capitalization omitted).[5]

In his first issue, Appellant claims that the evidence was insufficient to convict him of PWID and conspiracy. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Tejada**, 107 A.3d 788, 792 (Pa. Super. 2015) (citation omitted). In reviewing a sufficiency of

---

[4] On February 3, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On February 17, 2015, Appellant filed his concise statement. On March 25, 2015, the trial court issued its Rule 1925(a) opinion. Both issues raised on appeal were included in his concise statement.

[5] We have re-numbered the issues for ease of disposition.

the evidence claim, we must determine whether "viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." **Commonwealth v. Gonzalez**, 109 A.3d 711, 716 (Pa. Super. 2015) (internal alteration and citation omitted). "The evidence does not need to disprove every possibility of innocence, and doubts as to guilt, the credibility of witnesses, and the weight of the evidence are for the fact-finder to decide." **Commonwealth v. Forrey**, 108 A.3d 895, 897 (Pa. Super. 2015) (citation omitted).

We begin by analyzing the sufficiency of the evidence for the conspiracy conviction. "In order to sustain a conviction for criminal conspiracy, the Commonwealth must prove that a defendant entered into an agreement to commit or aid in an unlawful act with another person or persons, with a shared criminal intent, and that an overt act was done in furtherance of the conspiracy." **Commonwealth v. Fisher**, 80 A.3d 1186, 1197 (Pa. 2013). In this case, there was ample evidence that Appellant and Virella entered into an agreement to commit an unlawful act, *i.e.*, PWID. Specifically, two days after police witnessed Appellant and Virella distribute heroin to the CI, Appellant and Virella arrived at a pre-determined location in the same Acura with Appellant driving. Virella possessed the exact amount of heroin that he agreed to sell to the CI – 100 stamp bags. When appellant was searched, he was found to have three cell phones and $276.00 in U.S.

currency. A search of Appellant's residence turned up $460.00 in marked currency used in the April 29 transaction. When taken as a whole, and viewed in the light most favorable to the Commonwealth, this was sufficient to prove Appellant entered into an agreement with Virella to commit PWID. Furthermore, Appellant and Virella driving to the car wash with the 100 stamp bags of heroin was an overt act done in furtherance of the conspiracy. Accordingly, there was sufficient evidence to convict Appellant of conspiracy.

Next, we turn to the sufficiency of the evidence for Appellant's PWID conviction. "In order to convict an accused of PWID under 35 P.S. § 780–113(a)(30), the Commonwealth must prove that he both possessed the controlled substance and had an intent to deliver that substance." **Commonwealth v. Koch**, 39 A.3d 996 (Pa. Super. 2011), *aff'd by equally divided court*, 106 A.3d 705 (Pa. 2014) (internal quotation marks and citations omitted).

Appellant argues that he did not possess the heroin because no heroin was found on Appellant's person, in his car, or in his house. Instead, heroin was found in Virella's sock. We need not directly address this argument because there was sufficient evidence Appellant was guilty under an accomplice liability theory.[6] The Crimes Code defines accomplice liability, in relevant part, as follows:

---

[6] Although there was also sufficient evidence to convict Appellant under a co-conspirator liability theory, the trial court did not charge the jury on co-conspirator liability. **See** N.T., 10/9/14, at 288-292.

(a) General rule.--A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

(b) Conduct of another.--A person is legally accountable for the conduct of another person when:

* * *

(3) he is an accomplice of such other person in the commission of the offense.

(c) Accomplice defined.--A person is an accomplice of another person in the commission of an offense if:

(1) with the intent of promoting or facilitating the commission of the offense, he:

(i) solicits such other person to commit it; or

(ii) aids or agrees or attempts to aid such other person in planning or committing it; or

18 Pa.C.S.A. § 306.

In this case, there was sufficient evidence that Appellant aided Virella in PWID. Specifically, Appellant drove Virella to and from both transactions. Appellant also was in possession of $460.00 of the $500.00 in marked currency used during the April 29 transaction. When viewed in the light most favorable to the Commonwealth, this evidence proved Appellant was an accomplice in Virella's possession of the heroin.

Furthermore, even if Appellant were not guilty under an accomplice liability theory, he constructively possessed the heroin. "In narcotics possession cases, the Commonwealth may meet its burden by showing actual, constructive, or joint constructive possession of the contraband."

*Commonwealth v. Vargas*, 108 A.3d 858, 868 (Pa. Super. 2014) (*en banc*). In this case, the Commonwealth proceeded on a joint constructive possession theory.

"Our Supreme Court has defined constructive possession as the ability to exercise a conscious dominion over the illegal substance: the power to control the contraband and the intent to exercise that control." *Id.* at 868 (internal quotation marks and citations omitted). It is well-settled that an individual can constructively possess contraband found on another individual's person. *See Commonwealth v. Knox*, 105 A.3d 1194, 1198 (Pa. 2014) (defendant constructively possessed a firearm found on co-defendant's person).

In this case, when viewed in the light most favorable to the Commonwealth, there was sufficient evidence that Appellant controlled the drugs and, therefore, constructively possessed the contraband. Specifically, 92% of the April 29 drug transaction proceeds was found in Appellant's residence. Appellant and Virella were in Appellant's vehicle on both April 29 and May 1. Following the April 29 drug transaction between the CI and Virella, Virella exited the driver's seat of the Acura when Appellant approached the vehicle, and Appellant entered the driver's side. As for the May 1 transaction at the car wash, Virella had the exact amount of heroin that the CI agreed to purchase. Appellant and Virella arrived at the location agreed upon for the transaction, with Appellant driving the vehicle. The

heroin found in Virella's sock was packed in a manner consistent with distribution and inconsistent with personal use. The rubber bands found at Appellant's house were consistent with those used to package heroin. Finally, an expert testified that drug dealers occasionally use third-parties to conduct the actual transactions. This evidence, when viewed in the light most favorable to the Commonwealth, showed that Appellant constructively possessed the heroin. All of Appellant's arguments to the contrary merely go to the weight of the evidence, and not its sufficiency. Accordingly, there was sufficient evidence to convict Appellant of PWID.

Finally, Appellant contends that his convictions are against the weight of the evidence. A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." **In re J.B.**, 106 A.3d 76, 97 (Pa. 2014) (citation omitted). Appellant properly preserved his weight of the evidence claim by raising the issue in his post-sentence motion.

"[A] new trial based on a weight of the evidence claim is only warranted where the factfinder's verdict is so contrary to the evidence that it shocks ones sense of justice." **Commonwealth v. Landis**, 89 A.3d 694, 699 (Pa. Super. 2014) (internal alteration and citation omitted). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines

whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" ***Commonwealth v. Ferguson***, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

Appellant essentially makes the same arguments as to the weight of the evidence as he did with respect to its sufficiency. In its Rule 1925(a) opinion the trial court stated that despite the fact that "the case against the Appellant was notably weak," "Appellant's argument that the verdict is against the weight of the evidence is incorrect." Trial Court Opinion, 3/25/15, at 4. After careful review of the certified record, we find no abuse of discretion in the trial court's determination that the verdict in this case did not shock its sense of justice. Accordingly, Appellant is not entitled to relief on his weight of the evidence claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2015

- 9 -